IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MANUEL ARRASCUE**, <br><br> Plaintiff, <br><br> vs. <br><br> **AMERICAN SERVICES GROUP, LLC., STARS & STRIPES JANITORIAL SERVICES, LLC., ALDA SAVITE, individually, and CHARLES R. SAVITE, individually,** <br><br> Defendants. | **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff MANUEL ARRASCUE, ("Arrascue"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants, AMERICAN SERVICES GROUP, LLC., ("ASG"), STARS & STRIPES JANITORIAL SERVICES, LLC., ("Stars and Stripes"), ALDA SAVITE, individually, and CHARLES R. SAVITE (all Defendants collectively referred to as "Defendants") and alleges as follows:

## **INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt demolition and maintenance duties for the Defendants throughout New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

6. At all times pertinent to this Complaint, Defendants were enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Alternatively, Plaintiff worked in interstate commerce as to fall within the protections of the Act.

## PARTIES

7. Plaintiff Arrascue is an adult individual who is a resident of Paterson, New Jersey.

8. Plaintiff Arrascue became employed by Defendants as a non-exempt laborer in New Jersey in or about 2010. He continued to work for Defendants in that capacity through in or about the end of July 2016.

9. Defendant ASG is in the business of demolition and clean-up of construction sites and its corporate office is located in Elmwood Park, Bergen County, New Jersey.

10. Defendant Stars & Stripes is in the commercial janitorial and maintenance business, performing such services for office parks and commercial businesses in New Jersey.

10. Upon information and belief, at all times relevant to this Complaint, both Defendant ASG and Stars & Stripes employ individuals to perform labor services on their behalf.

11. Upon information and belief, at all times relevant to this Complaint, Defendant ASG's annual gross volume of sales made or business done was not less than $500,000.00.

12. Upon information and belief, at all times relevant to this Complaint, Defendant Stars & Stripes' annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, ASG was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14. At all times relevant to this Complaint, Stars & Stripes was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

15. At all times relevant to this Complaint, ASG was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

16. Upon information and belief, Defendant Charles Savite has his principal place of business in Elmwood Park, Bergen County, New Jersey.

17. Upon information and belief, at all times relevant to this Complaint, Defendant Charles Savite has been an owner, partner, officer, and/or manager of ASG.

18. Upon information and belief, at all times relevant to this Complaint, Defendant Charles Savite has had power over personnel decisions at ASG, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

19. Upon information and belief, at all times relevant to this Complaint, Defendant Charles Savite has had the power to determine employee policies at ASG, including, but not limited to, time-keeping and payroll policies.

20. Upon information and belief, at all times relevant to this Complaint, Defendant Charles Savite has had power over payroll decisions at ASG, including the power to retain time and/or wage records.

21. Upon information and belief, at all times relevant to this Complaint, Defendant Alda Savite has been actively involved in managing the day to day operations of Stars & Stripes.

22. Upon information and belief, at all times relevant to this Complaint, Defendant Alda Savite has had control over, and the power to change compensation practices at Stars & Stripes.

23. Upon information and belief, at all times relevant to this Complaint, Defendant Alda Savite has had the power to stop any illegal pay practices that harmed Plaintiff.

24. Upon information and belief, at all times relevant to this Complaint, Defendant Charles Savite has had the power to stop any illegal pay practices that harmed Plaintiff.

25. Upon information and belief, at all times relative to this Complaint, Defendant Alda Savite was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed and/or jointly employed Plaintiff and similarly situated employees.

26. Upon information and belief, Defendant Alda Savite has her principal place of business in Elmwood Park, New Jersey.

27. Upon information and belief, at all times relevant to this Complaint, Defendant Alda Savite has been an owner, partner, officer, and/or manager of Stars & Stripes.

28. Upon information and belief, at all times relevant to this Complaint, Defendant Alda Savite has had power over personnel decisions at Stars & Stripes, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

29. Upon information and belief, at all times relevant to this Complaint, Defendant Alda Savite has had the power to determine employee policies at Remodeling, including, but not limited to, time-keeping and payroll policies.

30. Upon information and belief, at all times relevant to this Complaint, Defendant Alda Savite has had power over payroll decisions at Remodeling, including the power to retain time and/or wage records.

31. Upon information and belief, at all times relevant to this Complaint, individual Defendant Alda Savite has been actively involved in managing the day to day operations of maintenance and demolotion.

32. Upon information and belief, at all times relevant to this Complaint, individual Defendant Alda Savite has had control over, and the power to change compensation practices.

33. Upon information and belief, at all times relevant to this Complaint, individual Defendant Alda Savite has had the power to stop any illegal pay practices that harmed Plaintiff.

34. Upon information and belief, at all times relative to this Complaint, individual Defendant Alda Savite was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed and/or jointly employed Plaintiff and similarly situated employees.

35. ASG and Stars & Stripes have an arrangement to share Plaintiff's services.

36. ASG and Stars & Stripes act in the interest of the other in relation to the Plaintiff.

37. Both ASG and Stars and Stripes share control of Plaintiff Arrascue, directly or indirectly, because one of the corporate Defendants controls, is controlled by, or is under common control with the other corporate Defendant.

**FACTS**

38. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all overtime hours worked in a work week.

39. Plaintiff was an hourly employee, being paid approximately $10.00 per hour by ASG.

40. Plaintiff was an hourly employee, being paid approximately $12.00 per hour by Stars & Stripes.

41. Plaintiff Arrascue worked for both ASG and Stars and Stripes each and every workweek.

42. Both Charles and Alda controlled Plaintiff's whereabouts and duties during each workday, and each workweek.

43. Plaintiff routinely worked for Defendants five (5) to seven (7) days per week.

44. Defendant was not paid by either ASG or Stars & Stripes for all of his that he worked in a workweek.

45. Plaintiff Arrascue routinely worked on average approximately fifty (50) hours per workweek on behalf of Defendants, but was not compensated at an overtime rate for all his hours worked in excess of forty (40) per workweek.

46. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

47. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

48. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

49. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

50. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

51. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff a compensation to which he was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

52. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

53. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

54. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

55. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for their overtime hours worked in a work period.

56. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

57. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

58. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

59. Defendants' aforementioned conduct is in violation of the NJWHL.

60. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

61. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MAUEL ARRASCUE, demands judgment, against Defendants AMERICAN SERVICES GROUPS, LLC, STARS & STRIPES JANITORIAL SERVICES,

CHARLES SAVITE, individually, and ALDA SAVITE, individually, for the payment of compensation for all overtime hours due him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: January 22, 2017                /s/ Andrew I. Glenn
                                                          Andrew I. Glenn, Esquire
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
JAFFE GLENN LAW GROUP, P.A.
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
Attorneys for Plaintiff